IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-41063
(Summary Calendar)
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

GUSTAVO ESPINOZA-SANCHEZ, also known
as Jose Antonio Barreto,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(C-99-CR-372-1)
--------------------
May 17, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

    Gustavo Espinoza-Sanchez appeals his conviction and sentence for aiding and abetting possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2. He argues that the district court erred in increasing his offense level by two points for possession of a firearm during the commission of a drug offense pursuant to U.S.S.G. § 2D1.1(b)(1).

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A defendant's sentence should be increased by two levels whenever, in a crime involving the manufacture, import, export, trafficking, or possession of drugs, the defendant possessed a dangerous weapon. See U.S.S.G. § 2D1.1(b)(1). "The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." Id. at comment. (n.3).

We review a sentencing court's factual determinations for clear error. Here, it is uncontested that the firearm, the cocaine, the drug paraphernalia, and Espinoza were all present in the apartment and the apartment's garage. Although Espinoza did not own or live in the apartment, he had access to the apartment, which was used for drug trafficking. The district court found that the firearm was accessible to Espinoza because it was "not shut up within a hidden compartment." Moreover, the presence of a firearm within the apartment was foreseeable to Espinoza because firearms are tools of the trade for drug traffickers. See United States v. Aguilera-Zapata, 901 F.2d 1209, 1215 (5th Cir. 1990).

The district court found that it was not "clearly improbable" that the firearm was connected to the offense and that an enhancement under U.S.S.G. § 2D1.1(b) was warranted. Espinoza has not shown that this or any other factual findings of the sentencing court were clearly erroneous.

AFFIRMED.